IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WALTER LEE HALL,**

                              Plaintiff,

                                                         CIVIL ACTION
     vs.                                                 No. 06-3090-SAC

**CORRECTIONS CORPORATION OF AMERICA, et al.,**

                              Defendants.

## ORDER

This matter is before the court on a <u>Bivens</u>[1] complaint filed pro se by a federal prisoner seeking damages for the alleged violation of his rights while he was confined in a Leavenworth, Kansas, facility operated by the Corrections Corporation of America (CCA-LVN). Pursuant to plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1914, the court directed plaintiff to pay an initial partial filing fee of $28.00. *See* 28 U.S.C. § 1915(b)(1)(court to assess initial partial filing fee as set forth in statute). Based upon plaintiff's apparent failure to pay this assessed fee, the court denied plaintiff's motion for leave to proceed in forma pauperis and dismissed the complaint without prejudice.

Before the court is plaintiff's correspondence which the court liberally construes as incorporating a motion to reopen the complaint. Plaintiff cites his payment of the initial partial

---

[1] <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

filing fee which the court received after dismissing plaintiff's case. Having reviewed the record, the court grants this request. The order and judgment entered on May 4, 2006, are vacated.

Plaintiff's motion for leave to proceed in forma pauperis is granted. Plaintiff remains obligated to pay the remainder of the $250.00 district court filing fee[2] in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen the complaint and dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

In this action, plaintiff states he was injured in a fall or a jump from the top bunk at CCA-LVN in June 2002. Plaintiff states pain medication was provided but he received no examination by a doctor and no assignment to a lower bunk, notwithstanding his complaints of constant pain for four to five weeks. Plaintiff further states that damage to his vertebrae was diagnosed upon his transfer to another facility.

To establish a _Bivens_ cause of action, a party must have some evidence to support finding that federal agent acting under color of such authority violated some cognizable constitutional right of plaintiff. _See_ _Seigert v. Gilley_, 500 U.S. 226 (1991)(to support

---

[2]Plaintiff filed his complaint prior to April 9, 2006, the effective date for the district court filing fee increase from $250.00 to $350.00.

2

Bivens claim, alleged conduct must rise to level of constitutional violation). It is recognized that prisoners and pretrial detainees are constitutionally protected from being subjected to deliberate indifference to their serious medical needs. *See* Estelle v. Gamble, 429 U.S. 97, 104 (1976)(convicted prisoner); Estate of Hocker ex rel. Hocker v. Walsh, 22 F.3d 995, 998 (10th Cir. 1994)(pretrial detainee).

However, a two year limitations period applies to Bivens actions filed in the District of Kansas. *See* Baker v. Board of Regents of State of Kan., 991 F.2d 628, 630-31 (10th Cir. 1993)(two-year statute of limitations applies to civil rights actions brought pursuant to 42 U.S.C. § 1983); Roberts v. Barreras, 484 F.3d 1236, 1238 (10th Cir. 2007)(Bivens action is subject to limitation period for action under 42 U.S.C. § 1983). "Under federal law, the statute of limitations on a Bivens claim begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." Van Tu v. Koster, 364 F.3d 1196, 1199 (10th Cir. 2004)(internal quotation marks and citation omitted).

In the present case, the factual basis for plaintiff's allegations occurred in 2002, but plaintiff did not file his complaint until March 24, 2006. Because plaintiff executed his complaint well outside the applicable two-year statute of limitations period, this action is time-barred unless plaintiff can demonstrate a basis for tolling the statute. *See* Aldrich v. McCulloch Properties, 627 F.2d 1036, 1041 FN 4 (10th Cir. 1980)(when clear from dates in complaint that right to sue has extinguished,

plaintiff has burden of demonstrating a basis for tolling the statute).

Accordingly, plaintiff is directed to show cause why the complaint should not be dismissed as stating no claim upon which relief can be granted.  The failure to file a timely response may result in the complaint being dismissed without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion to reopen the case (Doc. 6) is granted, and that the order and judgment entered in this matter on May 4, 2006, are vacated.

IT IS FURTHER ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, and that payment of the remainder of the $250.00 district court filing fee is to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 10th day of July 2007 at Topeka, Kansas.


　　　　　　　　　　　　　　　　 s/ Sam A. Crow
　　　　　　　　　　　　　　　　SAM A. CROW
　　　　　　　　　　　　　　　　U.S. Senior District Judge