IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

WALTER LEE HALL,

          Plaintiff,

Vs.                                    No. 06-3090-SAC

CORRECTIONS CORPORATION
OF AMERICA, et al.,

          Defendants.

**MEMORANDUM AND ORDER**

This case comes before the court on the plaintiff's response (Dk. 8) to the court's order to show cause (Dk. 7) why the plaintiff's *Bivens*[1] complaint should not be dismissed for failing to state a claim for relief. On the face of the complaint, the plaintiff alleges an injury resulting from conduct occurring well outside the applicable statute of limitations. In fulfillment of its duty to screen and dismiss a complaint or any part of it for failure to state a claim, 28 U.S.C. § 1915A(a) and (b), this court on July 10, 2007, ordered the defendant to show cause why his action should not be dismissed as his complaint was filed on March 24, 2006, more than two

---

[1] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

years after his allegations of injury and treatment in June and July of 2002. (Dk. 7, p. 3-4).

The plaintiff filed his response on July 23, 2007, arguing that the statute of limitations should be tolled while he was exhausting his administrative remedies and that his remedies were exhausted either in June or July of 2004. The plaintiff's response, however, fails to state when he first filed the relevant grievances, what he alleged in those grievances, and with whom he filed the grievances. The plaintiff attaches two documents to his pleading in apparent support of his argument, but these documents do not address these important issues. In short, the court cannot determine from the plaintiff's pleadings whether he could ever prove that he did pursue administrative remedies such that sufficient tolling occurred for him to avoid the statute of limitations bar.

"A *Bivens* action is subject to the limitation period for an action under 42 U.S.C. § 1983, and that limitation period is set by the personal injury statute in the state where the cause of action accrues." *Roberts v. Barreras*, 484 F.3d 1236, 1238 (10th Cir. 2007) (citations omitted). In Kansas, that time period is two years. *See* Kan. Stat. Ann. § 60-513(a)(4). As for when a *Bivens* claim accrues, federal law controls, and "the statute

of limitations on a *Bivens* claim 'begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action.'" *Van Tu v. Koster*, 364 F.3d 1196, 1199 (10th Cir.) (quoting *Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994)), *cert. denied*, 543 U.S. 874 (2004). As alleged in his complaint, the plaintiff was injured at the Corrections Corporation of American facility in Leavenworth, Kansas, ("CCA-LVN") in June of 2002 and received inadequate medical care there until he was transferred four to five weeks after the injury to a different facility. From his complaint, the plaintiff's *Bivens* claims appears to have accrued by the end of the summer in 2002. In the most conclusory terms, the plaintiff asserts the court must toll the statute of limitations during his exhaustion of the required administrative remedies. This issue of tolling is governed by the relevant state law. *Roberts v. Barreras*, 484 F.3d at 1240; *see Garrett v. Fleming*, 362 F.3d 692, 697 (10th Cir. 2004) (applying state's tolling provision in Bivens claim). The Kansas Supreme Court generally recognizes that a statute of limitations may be tolled during the pendency of administrative proceedings which a plaintiff is required to exhaust before bringing an action. *See Wagher v. Guy's Foods, Inc.*, 256 Kan. 300, 311-

12, 885 P.2d 1197 (1994). "'[E]very circuit to address the issue has held that the filing of a mandatory administrative grievance tolls the statute of limitations for § 1983 and *Bivens* claims.'" *Roberts v. Barreras*, 484 F.3d at 1241 (quoting *Roberts v. Barreras*, 109 Fed. Appx. 224, 226, 2004 WL 1814164 (10th Cir. 2004) (unpublished opinion) ("Under federal law, prisoners must exhaust 'such administrative remedies as are available' before suing over prison conditions. 42 U.S.C. § 1997e(a)."), *cert. denied*, 543 U.S. 1094 (2005)).

Dismissal of a cause of action for failure to state a claim is proper if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). In reviewing the sufficiency of a complaint, all well-pleaded factual allegations of the complaint must be accepted as true and construed in the light most favorable to the plaintiff. *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir.1990). Pro se pleadings are

construed liberally and subjected to a less stringent standard than formal pleadings drafted by lawyers.  *Trackwell v. United States Government*, 472 F.3d 1242, 1243 (10th Cir.2007).  Pro se plaintiffs, however, are not relieved of the burden of alleging sufficient facts on which a legal claim could be based.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  A court is "not bound by conclusory allegations, unwarranted inferences, or legal conclusions" contained in those pleadings.  *Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994).  The Court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).  For that matter, a court need not attach significance to "bare conclusory allegations . . . [that] are not only unsupported by any factual allegations but are in fact contradicted by the factual allegations plaintiffs to make." *E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1306 (10th Cir. 2001).

        The plaintiff alleges the statute of limitations should not commence running until June or July of 2004 when his administrative remedies regarding the claims asserted in this action were supposedly

exhausted. This is a bare conclusory allegation unsupported by any factual allegations and contradicted by the very documents attached in support of his pleading. The plaintiff's allegation concerning his efforts at exhaustion is little more than his own legal conclusion on what impact should be afforded some grievances nowhere defined or explained in his allegations and evidenced only by grievances apparently pursued at FCI Manchester for the medical treatment received there. The plaintiff does not allege sufficient facts on which to believe the plaintiff could ever prove a set of facts for finding that the statute of limitations was tolled.

Accordingly, the court directs the plaintiff to show cause why his complaint should not be dismissed for failing to state a claim upon which relief can be granted. With regard to his allegation that the statute of limitations should be tolled while he pursued the required administrative remedies, the plaintiff shall state when he first filed the grievances relevant to the claims asserted in this action, what he alleged in those grievances, with whom he filed these grievances, and when those grievances were completed. Additionally, the plaintiff shall show cause why his *Bivens* claim against the corporate entity, CCA-LVN, should not be dismissed for failing to state a claim upon which relief can be granted based upon *Correctional*

*Services Corp. v. Malesko*, 534 U.S. 61 (2001), and why his *Bivens* claims against the individual defendants should not be similarly dismissed based upon the reasoning found in *Holly v. Scott*, 434 F.3d 287, 295-97 (4th Cir.), *cert. denied*, 126 S. Ct. 2333 (2006); *Peoples v. CCA Detention Center*, 2004 WL 2278667 (D. Kan. 2004), *aff'd by equally divided court*, 449 F.3d 1097 (10th Cir.), *cert. denied*, 127 S. Ct. 664 (2006); *Fajri v. Corrections Corp. of America*, 2007 WL 594726 (D. Kan. 2007). The failure to file a timely response may result in the complaint being dismissed without further prior notice to the plaintiff.

    IT IS THEREFORE ORDERED that the plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed for failing to state a claim for relief based on the reasons stated above.

    IT IS FURTHER ORDERED that copies of this order shall be mailed to the plaintiff and that the plaintiff is hereby reminded of his obligation to make partial payments in payment of the filing fee as previously ordered.

    Dated this 13th day of September, Topeka, Kansas.

                              s/ Sam A. Crow
                              Sam A. Crow, U.S. District Senior Judge