IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

WALTER LEE HALL,

           Plaintiff,

Vs.                                    No.  06-3090-SAC

CORRECTIONS CORPORATION
OF AMERICA, et al.,

           Defendants.

**MEMORANDUM AND ORDER**

      This case comes before the court on the plaintiff's response (Dk. 13) to the court's memorandum and order of September 13, 2007, (Dk. 9) that directed the plaintiff to show cause why his complaint should not be dismissed for failing to allege sufficient facts on which to believe the plaintiff could ever prove he had pursued administrative remedies which were not exhausted until after March of 2004 and so tolled the two-year statute of limitations which had expired on the face of the plaintiff's complaint. The court also directed the plaintiff to show cause why his *Bivens* claims against the corporate entity, CCA-LVN,[1] and the individual

---

[1] Corrections Corporation of America operated at Leavenworth, Kansas.

defendants should not be dismissed. In receipt of the plaintiff's response, the court will address its sufficiency for the limited purpose that it is offered.

**BACKGROUND**

Prompted by its duty to screen and dismiss a complaint or any part of it for failure to state a claim, 28 U.S.C. § 1915A(a) and (b), this court ordered the plaintiff to show cause why his action should not be dismissed for failing to state a claim on which relief can be granted. The court observed from the face of the plaintiff's complaint that its filing date of March 24, 2006, was more than two years after the injury and the inadequate care and treatment alleged in his complaint to have occurred at CCA-LVN in June and July of 2002. (Dk. 7, p. 3-4). Thus, the court gave the plaintiff twenty days to show cause why his complaint should not be dismissed.

In response, the plaintiff pointed to the statutory requirement for exhaustion of administrative remedies prior to suing over prison conditions. 42 U.S.C. § 1997e(a). The plaintiff then summarily asserted that his administrative remedies were not exhausted until June or July of 2004 and asked the court to toll the applicable two-year statute of limitations during this two-year period required for exhaustion. If so tolled, the plaintiff

concluded his action was then timely filed on March 24, 2006. In proof of his allegations, the plaintiff attached two administrative remedy forms as exhibits. These remedy forms, however, evidence only the plaintiff's complaints over the medical care and treatment received for his back at FCI Manchester in 2003 and 2004.

The plaintiff's response raised concerns for this court. His allegations of having exhausted administrative remedies were not tied to the particular institution he had sued or to the claims for which he was seeking relief. Additionally, his attachments were plainly unrelated to the institution and to the care and treatment that were the subject of his lawsuit. For these reasons, the court issued a subsequent order laying out the deficiencies with the plaintiff's response:

> The plaintiff's response, however, fails to state when he first filed the relevant grievances, what he alleged in those grievances, and with whom he filed the grievances. The plaintiff attaches two documents to his pleading in apparent support of his argument, but these documents do not address these important issues. In short, the court cannot determine from the plaintiff's pleadings whether he could ever prove that he did pursue administrative remedies such that sufficient tolling occurred for him to avoid the statute of limitations bar.

(Dk. 9, p. 2). Later in the order, the court repeated the problems with the plaintiff's allegations concerning exhaustion:

> This is a bare conclusory allegation unsupported by any factual

3

allegations and contradicted by the very documents attached in support of his pleading. The plaintiff's allegation concerning his efforts at exhaustion is little more than his own legal conclusion on what impact should be afforded some grievances nowhere defined or explained in his allegations and evidenced only by grievances apparently pursued at FCI Manchester for the medical treatment received there. The plaintiff does not allege sufficient facts on which to believe the plaintiff could ever prove a set of facts for finding that the statute of limitations was tolled.

(Dk. 9, p. 6). Rather than dismissing the plaintiff's complaint at that time, the court afforded the plaintiff one more opportunity to allege facts sufficient for determining whether the plaintiff could ever prove a set of facts appropriate for tolling. The court specifically directed:

> With regard to his allegation that the statute of limitations should be tolled while he pursued the required administrative remedies, the plaintiff shall state when he first filed the grievances relevant to the claims asserted in this action, what he alleged in those grievances, with whom he filed these grievances, and when those grievances were completed.

(Dk. 9, p. 6). Thus, the court again directed the plaintiff to show cause as stated at the front of this order.

**PLAINTIFF'S RESPONSE (Dk. 13)**

The plaintiff asserts he followed "the initial remedy request procedure at" CCA-LVN and petitioned the nurse there that jumping from his "top bunk was causing chronic pain and that he should be reassigned to a bottom bunk." (Dk. 13, p. 1). The plaintiff does not seek to withdraw or

4

amend the allegations from his original complaint that his accident and injury occurred at CCA-LVN in June of 2002.  Nor does the plaintiff assert when he submitted his initial administrative request to CCA-LVN for his accident and injury alleged in his original complaint.[2]

What the plaintiff now alleges is that on July 15, 2003, over a year after his injury, CCA-LVN initially responded to his request for a bunk reassignment by ignoring or denying it.  The plaintiff cites and attaches as an exhibit what he asserts to be the CCA's adverse administrative decision on his initial request.  The plaintiff's exhibit one is a form entitled "Response To Inmate Correspondence" addressed to the plaintiff concerning "Register No.: 08528-030" and "Unit:  Whitley-A" which is signed by Associate Warden Terry O'Brien and dated July 15, 2003.  Exhibit one states:

> The Nurse Practitioner documented a sick call encounter where you were advised of your MRI results.  A referral was made to the Staff Physician for an evaluation to determine if further testing is necessary.  Additional diagnostic testing will be based on the medical record review by the Staff Physician and any subsequent

---

[2]In seeking a bunk reassignment as part of his relief, the plaintiff must have filed the request while he was still at CCA-LVN.  As alleged in his original complaint, he was transferred from CCA-LVN four to five weeks after his injury and accident which happened on June 16, 2002.  (Dk. 1, pp. 2-3).  It would seem that the plaintiff must have filed his "initial remedy request" with CCA-LVN prior to the end of July of 2002.

examinations.

(Dk. 13-2).

Nothing on the face of exhibit one evidences that it was issued in response to the plaintiff's initial request made at CCA-LVN. There is no mention of a request for a bunk reassignment or a demand for proper care and treatment while at CCA-LVN. Instead, exhibit one appears to be a written memorandum prepared and signed by an associate warden at FCI-Manchester on July 14, 2003. As stated before, this date is more than one year after his injury and accident and nearly one year after his transfer from CCA-LVN as alleged in the plaintiff's original complaint. Exhibit one purports to respond only to correspondence that the plaintiff had recently submitted while incarcerated at FCI-Manchester, and it refers to medical evaluations apparently performed at this federal correctional facility. The warden's memorandum bears a register number and unit description which matches the register number and unit assignment for the plaintiff at FCI-Manchester. *See* Dk. 13, Ex. 2.

The plaintiff next asserts in his response to the show cause order:

> On January 26, 2004--After being shipped to another correctional facility ("F.C.I. Manchester")-the plaintiff continued to petition the

> administration on the same grounds as a result from the continued pain from the jump and lack of adequate medical care. (See Exhibit #2). The plaintiff's appeal for an administrative remedy at the F.C.I. Manchester was denied on March 4, 2004. (See Exhibit #3).

(Dk. 13, p. 2). This assertion reveals the plaintiff's erroneous understanding that a subsequent grievance filed with any correctional institution that is related to his ongoing care and treatment of his back problems is an extension of his initial remedy request submitted to CCA-LVN for the injury and treatment there. The plaintiff's attached exhibits demonstrate this latter administrative request does not seek any remedy for what happened at CCA-LVN. The exhibits attached to the plaintiff's response are a request for administrative remedy dated January of 2004 from an inmate at FCI-Manchester and the warden's response to this request dated March 4, 2004. The warden's response includes:

> Your medical record reveals you have been treated symptomatically for your back pain. You received an evaluation by the neurosurgeon September 23, 2003. At that time, he recommended conservative treatment. Your medical record does not document any complaints concerning your back since your evaluation by the neurosurgeon in September 2003. If you are experiencing pain, you should report to sick call for another evaluation by our medical staff. They will submit a request for an evaluation by a specialist, if it is clinically indicated. Until you have been examined by our medical staff, a referral to a specialist cannot be approved.

(Dk. 13, Ex. 2). As with exhibit one, there is nothing found in exhibit two

7

that shows the request for administrative remedy and the warden's response are part of the administrative procedures initiated at CCA-LNV and are related to the accident and injury or care and treatment there.

> The plaintiff concludes his response on the tolling allegations with the following:
>
>> On March 19, 2004, the plaintiff filed and/or submitted his third administrative remedy request based on the same grounds as the priors. On April 16, 2004, the plaintiff's administrative remedy request was denied. (See Exhibit #3). After the plaintiff submitted his final petition requesting relief, it was denied on July 26, 2004. As a result of the plaintiff filing his civil action on March 24, 2006, he has lawfully presented his claim within the time frame of the statute of limitations. (See Exhibit #4).
>
> (Dk. 13, p. 2). The plaintiff again shows his mistaken belief that his administrative proceedings at CCA-LVN in June and July of 2002 were still pending because he filed separate remedy requests based on allegations of inadequate care received at FCI-Manchester in 2003 and 2004. The plaintiff's complaint does not seek relief for the care and treatment administered at FCI-Manchester in 2003 and 2004. Exhibits three and four attached to his response further confirm that the events alleged in the plaintiff's response are administrative appeals of a remedy request based on the care and treatment for back pain while at FCI-Manchester in 2003.

**ANALYSIS AND HOLDING**

Dismissal *sua sponte* under § 1915 based on a statute of limitations bar is appropriate "'only when the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (quoting *Fratus v. DeLand*, 49 F.3d 673, 674-75 (10th Cir. 1995)). (alterations, quotations omitted). "In other words, a complaint may not be dismissed 'by raising sua sponte a statute of limitations defense that was neither patently clear from the face of the complaint nor rooted in adequately developed facts.'" *Fogle*, 435 F.3d at 1258 (quoting *Fratus*, 49 F.3d at 675. Thus, if from the plaintiff's allegations as tendered, it is patently clear that the circumstances would not permit tolling, the court may dismiss the complaint as barred by the statute of limitations. *Id.* at 1258-59; see *Jones v. Bock*, 127 S. Ct. 910, 920-21 (2007) (If the plaintiff's allegations taken as true "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . .").

First, it is patently clear from the face of the plaintiff's complaint that the governing two-year statute of limitations has expired and would bar his action absent some applicable ground for tolling. The plaintiff seeks

9

relief for an injury sustained at the Corrections Corporation of American facility in Leavenworth, Kansas, ("CCA-LVN") in June of 2002 and relief for the inadequate medical care given at CCL-LVN until he was transferred four or five weeks later to a different facility where he was "thoroughly examined" and "permitted to have a bottom bunk medical pass." (Dk. 1, p. 3). Thus, his claims accrued in the summer in 2002 and the statute of limitations expired in the summer of 2004.

The plaintiff's complaint does not allege that the court should toll the statute of limitations, but it does allege: "Since the plaintiff sustained his injury, he has exhausted all of his administrative remedies on 6/15/04." *Id.* Because the complaint did not explain or link this allegation to the apparent statute of limitations bar, the court initiated the § 1915 screening process on this affirmative defense. The plaintiff has responded to the show cause orders with allegations and exhibits which the court has accepted and read together against the claims asserted in the plaintiff's complaint.

From the face of his supplemental pleadings and attached exhibits, it is patently clear that what the plaintiff is alleging as ongoing administrative proceedings concluded in the summer of 2004 were not

brought for his injury and treatment at CCA-LVN in 2002. The plaintiff's alleged administrative proceedings correspond to exhibits he has submitted. Specifically, those exhibits bear dates that match his allegations. Those exhibits demonstrate only that the plaintiff filed administrative claims against a federal correctional facility, FCI-Manchester, for inadequate treatment rendered there almost a year after his accident and injury at the private corporation, CCA-LVN. In short, the plaintiff alleges tolling for his claims against CCA-LVN and its agents based on proceedings for an administrative claim that were not filed against these parties but against a different entity for different treatment rendered at a different time. The plaintiff was not required to file an administrative claim or exhaust his administrative remedies against FCI-Manchester for the care and treatment in 2003 before suing here the private corporation, CCA-LVN, for the prior injury and treatment in 2002. For this reason, the two-year statute of limitations in this case was not tolled during the pendency of the plaintiff's administrative proceedings against FCI-Manchester. Having failed to allege that he was exhausting required administrative proceedings so as to toll the statute of limitations, the plaintiff's complaint is untimely on its face and must be dismissed for failure to state a claim.

The court also directed the plaintiff to show cause why his *Bivens* claim against the corporate entity, CCA-LVN, were not subject to dismissal pursuant to *Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001), and why his *Bivens* claims against the individual defendants were not similarly subject to dismissal pursuant to *Holly v. Scott*, 434 F.3d 287, 295-97 (4th Cir.), *cert. denied*, 126 S. Ct. 2333 (2006); *Peoples v. CCA Detention Center*, 2004 WL 2278667 (D. Kan. 2004), *aff'd by equally divided court*, 449 F.3d 1097 (10th Cir.), *cert. denied*, 127 S. Ct. 664 (2006); *Fajri v. Corrections Corp. of America*, 2007 WL 594726 (D. Kan. 2007). The plaintiff's only response was that the court should delay its decision until the legal statuses of the defendants could be determined from their answers or from discovery. The complaint names as parties only CCA-LVN and those individuals supervising this facility or working for it. There is really no dispute that CCA-LVN runs a private prison pursuant to a contract with the United States Marshal Service. *See Menteer v. Applebee*, 196 Fed. Appx. 624, 625 (10th Cir. Aug. 10, 2006); *Fajri v. Corrections Corp. of America*, 2007 WL 594726 (D. Kan. 2007). Having failed to raise any viable response to the show cause order, the plaintiff's complaint is also subject to dismissal on this ground.

IT IS THEREFORE ORDERED that the plaintiff's complaint is dismissed for failure to state a claim for relief.

Dated this 3rd day of January, 2008, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge